UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CHRISTOPHER C. WEHDE,      :      CIVIL ACTION NO. 08-500 (MLC)
                          :
            Plaintiff,     :      **MEMORANDUM OPINION**
                          :
      v.                   :
                          :
TODD CONNER, LAWRENCE      :
SULLIVAN, EDWARD C.        :
PANKOWSKI. JR.,            :
                          :
            Defendants.    :
                          :

**PLAINTIFF** Christopher C. Wehde ("Wehde"), a prisoner

confined at the James T. Vaughn Correctional Center, Smyrna,

Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging

violations of his constitutional rights.  Wehde has filed several

amendments subsequent to the filing of the original Complaint.

The Court reviews the Complaint and its amendments pursuant to 28

U.S.C. §§ 1915(e)(2) and 1915A to determine whether the case

should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such

relief.  For the reasons set forth below, the Court concludes

that the Complaint should be dismissed.

### BACKGROUND

Wehde filed this § 1983 action against Delaware Assistant

Public Defender Todd Conner ("Conner") and Delaware Public

Defender Lawrence M. Sullivan ("Sullivan"), as well as private attorney Edward C. Pankowski, Jr., ("Pankowski").

Wehde makes numerous complaints regarding the actions or inactions of Conner and Pankowski.  Conner was initially appointed to represent Wehde in a criminal matter.  Conner withdrew from representation and Pankowski, a private attorney, was appointed to represent Wehde in the criminal matter.  In general, Wehde complains that he is not receiving effective assistance of counsel.  He named Sullivan as a Defendant because Sullivan is "the boss" of Conner.

### STANDARDS FOR SUA SPONTE DISMISSAL

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is

identical to the legal standard used when ruling on 12(b)(6)

motions.  Courteau v. United States, 287 Fed. Appx. 159, 162 (3d

Cir. 2008); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.

2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.

1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for

failure to state a claim under § 1915(e)(2)(B)).  The court must

accept all factual allegations in a complaint as true and take

them in the light most favorable to plaintiff.  Erickson v.

Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).  A complaint

must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief, in order to give the

defendant fair notice of what the . . . claim is and the grounds

upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544,

127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S.

41, 47 (1957)); Fed. R. Civ. P. 8.  A complaint does not need

detailed factual allegations, however, "a plaintiff's obligation

to provide the 'grounds' of his 'entitlement to relief' requires

more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do."  Id. at 1965

(citations omitted).  The "[f]actual allegations must be enough

to raise a right to relief above the speculative level on the

assumption that all of the allegations in the complaint are true

(even if doubtful in fact)."  Id.  (citations omitted).

Wehde is required to make a "showing" rather than a blanket

assertion of an entitlement to relief.  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."  Id.  (citing Twombly, 127 S.Ct. at 1965 n.3).  Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element."  Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  Id. at 234.  Because Wehde proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

## DISCUSSION

Wehde names as Defendants Delaware Assistant Public Defender Conner, Delaware Public Defender Sullivan, and private defense counsel Pankowski.  When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Moore v.

Tartler, 986 F.2d 682, 685 (3d Cir. 1993).

Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.  Polk County v. Dodson, 454 U.S. 312 (1981); Harmon v. Delaware Secretary of State, 154 Fed. Appx. 283, 284-85 (3d Cir. 2005).  Nor is a private attorney considered a state actor.  To act under "color of state law" a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49.  Because Defendants are not considered state actors, Wehde's claim fails under § 1983.

### CONCLUSION

The Court will dismiss the Complaint, in its entirety, as against all Defendants, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the complaint would be futile.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).  The Court will issue an appropriate order.


                                        S/
March 6, 2009                           
                                        **MARY L. COOPER**
                                        United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER C. WEHDE, | : | CIVIL ACTION NO. 08-500 (MLC) |
| | : | |
| Plaintiff, | : | **ORDER** |
| | : | |
| v. | : | |
| | : | |
| TODD CONNER, LAWRENCE | : | |
| SULLIVAN, EDWARD C. | : | |
| PANKOWSKI. JR., | : | |
| | : | |
| Defendants. | : | |

For the reasons stated in the Court's memorandum opinion, **IT IS** on this 6th   day of March, 2009, **ORDERED** that Plaintiff's Complaint and amendments are **DISMISSED** as frivolous; and

**IT IS FURTHER ORDERED** that the Clerk of the Court (1) **SERVE** a copy of this order and the underlying memorandum opinion on the plaintiff, and (2) designate the action as **CLOSED.**

                                                  S/
_____**MARY L. COOPER**
                               United States District Judge